IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH LEWIS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAYETTE EMS, and | ) | JURY TRIAL DEMANDED |
| STEVEN RUGG, as an individual, | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, ELIZABETH LEWIS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination and harassment in her employment on account of her sex, which right is guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended), as well as pendent state law claims. Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.  This Court is empowered to consider the claims outlined in Count II hereto under the doctrine of pendent jurisdiction.

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    a. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about April 10, 2019, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    b. The EEOC issued a Notice of the Right to Sue dated June 29, 2019 and;

    c. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

## PARTIES

5. Plaintiff, Elizabeth Lewis, is an adult female individual with a former residence in Fayette County, Pennsylvania and a current residence in Florida.

6. Defendant, Fayette EMS ("EMS"), is a Pennsylvania business corporation with a registered office of 102 West Crawford Avenue, Connellsville, Pennsylvania 15425.

7. At all times relevant hereto, Defendant EMS was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns within the full scope of their respective agency, office, employment or assignment. Defendant EMS is, and at all times relevant to this Complaint has been, an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of 1966 and 42 U.S.C. Section 2000e-5(3), and is thus covered by the provisions of Title VII of the Civil Rights Act of 1991.

8.      Defendant, Steven Rugg ("Rugg"), an aider and abettor, is an adult male individual with a residence in Pennsylvania.  At all times relevant to this matter, Defendant Rugg was employed by Defendant EMS as a regional supervisor and exercised the powers of his authority to discriminate against the Plaintiff for an improper and unlawful purpose.

## FACTUAL ALLEGATIONS

9.      Plaintiff became a student/trainee of Defendant EMS in or about July of 2018.

10.     On or about August 4, 2018, Plaintiff attended the Fayette County Fair in order to fulfill one of Defendant EMS' graduation requirements.

11.     As Plaintiff was walking to the fair, Defendant Rugg and another individual approached her in a golf cart.

12.     After speaking to the Plaintiff momentarily, Defendant Rugg hugged the Plaintiff and forcibly held her while he kissed her on the neck, ear and cheek.

13.     On or about August 22, 2018, Plaintiff was hired by Defendant EMS as an employee after her graduation.

14.     On or about August 23, 2018, Plaintiff reported Defendant Rugg's illegal conduct, as described hereinbefore above, to Defendant EMS' supervisor Rick D'Auria.

15.     Defendant Rugg was then placed on leave by Defendant EMS pending an investigation.

16.      Despite management's knowledge of Defendant Rugg's behavior, he was permitted by Defendant EMS to return to work on or about August 28, 2018, without repercussion.

17.     At this time Defendant EMS was aware of Defendant Rugg's proclivity to creating a sexually hostile work environment, including, but not limited to, Defendant Rugg's unwanted sexual advances toward co-workers, inappropriate language and touching.

18. Defendant EMS' decision to allow Defendant Rugg to return to work without repercussion directly placed the Plaintiff, and other female co-workers, at risk of sexual assault and harassment and created a sexually hostile work environment.

19. As a direct result of the Defendants' actions, Plaintiff suffered from emotional distress and fear of another sexual assault while at work.

20. Defendant EMS' plan, pattern or practice of indifference towards Defendant Rugg's illegal conduct created a sexually hostile work environment for female employees.

21. On or about February 26, 2019, Plaintiff left her employment with Defendant EMS. Plaintiff made the decision to leave her employment with Defendant EMS due in pertinent part to her assault from Defendant Rugg and Defendant EMS' response, or lack thereof, to Defendant Rugg's illegal conduct.

## COUNT I:

## PLAINTIFF v. DEFENDANTS

## SEXUAL (GENDER) DISCRIMINATION

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as though fully set forth at length herein.

24. As described hereinbefore above, Plaintiff was subjected to a sexually hostile work environment on the basis of her sex.

25. As a direct result of the Defendants' discriminatory and harassing actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursing her legal rights.

26. Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the

Defendants' discriminatory conduct as described above.

27. The actions of the Defendants were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

28. The actions on part of the Defendants are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that, in addition to damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' violation of the Civil Rights Act of 1991;

c. that the Court order the Defendants to pay pre and post-judgement interest on any award given to the Plaintiff;

d. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

PLAINTIFF v. DEFENDANTS

SEXUAL HARASSMENT

29. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

30. As described hereinbefore above, Plaintiff was subjected to sexual harassment and assault by Defendant Rugg.

31. Although Plaintiff made a complaint to Defendant EMS' supervisor regarding the conduct to which she was subjected, Defendant EMS did not take any purposeful remedial action.

32. Defendant EMS' decision to allow Defendant Rugg to return to work without repercussion directly placed the Plaintiff, and other female co-workers, at risk of sexual assault and harassment and created a sexually hostile work environment.

33. Members of Defendant EMS' management and human resources were aware of the above-described conduct and through their actions and inactions condone this hostile work environment.

34. As a direct result of the sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.

35. Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

36. The actions on the part of the Defendants are part of a plan, pattern or practice of sexually harassing and/or discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

    b.    that, in addition to damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' violation of the Civil Rights Act of 1991;

    c.    that the Court order the Defendants to pay pre and post-judgement interest on any award given to the Plaintiff;

    d.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    e.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

37.    Plaintiff incorporates Paragraphs 1 through 36 as though fully set forth at length herein.

38.    As set forth above, the Defendants have discriminated against the Plaintiff because of her sex in violation of the Pennsylvania Human Relations Act, 43 Pa C.S.A Section 955(a).

39.    As described hereinbefore above, Plaintiff was subjected to a sexually hostile work environment. Such conduct ultimately led to the Plaintiff's injuries and damages set forth at length above.

40.    As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has and or will incur counsel fees and other costs in pursing her legal rights. The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, apprehension and stress.

41.    The actions on the part of the Defendants were intentional and willful and/or done with a reckless disregard of the Plaintiff.

    WHEREFORE, Plaintiff requests the following:

    a.    that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the Pennsylvania Human Relations Act;

  b.  that, in addition to damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendants' violation of the Pennsylvania Human Relations Act.

  c.  that the Court order the Defendants to pay pre and post-judgement interest on any award given to the Plaintiff;

  d.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  e.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT RUGG

VIOLATION OF PLAINTIFF'S<br>PENNSYLVANIA COMMON LAW RIGHTS

ASSAULT AND BATTERY

42. Plaintiff incorporates Paragraphs 1 through 41 as though fully set forth at length herein.

43. As described hereinbefore above, Defendant Rugg did unlawfully and intentionally touch, assault and commit a battery upon the Plaintiff's person by the physical contact by Defendant Rugg.

44. Defendant Rugg knew or should have known that such contact was illegal and/or improper and/or done without the permission of Plaintiff and that Plaintiff did not consent to any such intentional contact.

45. Plaintiff was harmed and offended by that contact.

46. The actions on the part of the Defendants were intentional and willful and/or done with a reckless disregard of the Plaintiff, thereby subjecting Defendant Rugg to punitive damages.

47. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant Rugg, Plaintiff suffered the following injuries and damages:

   a. Plaintiff's rights under the common law of the Commonwealth of Pennsylvania were violated;

   b. Plaintiff suffered physical pain and suffering;

   c. Plaintiff suffered fright, horror and shock;

   d. Plaintiff suffered severe emotional and psychological trauma; and

   e. Plaintiffs suffered economic damages related to any and all consequential cost.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Rugg, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgement interest as permitted by law; punitive damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

                Respectfully submitted,

                LAW OFFICES OF JOEL SANSONE

                s/ Joel S. Sansone
                Joel S. Sansone, Esquire
                PA ID No. 41008
                Massimo A. Terzigni, Esquire
                PA ID No. 317165
                Elizabeth A. Tuttle, Esquire
                PA ID No. 322888
                *Counsel for Plaintiff*

                Law Offices of Joel Sansone
                Two Gateway Center, Suite 1290
                603 Stanwix Street
                Pittsburgh, Pennsylvania 15222
                412.281.9194

Dated: August 30, 2019